BETSEY LORING, in equity,

*vs.*

JACOB L. HAYES, and others.

Cumberland.    Opinion March 31, 1894.

*Will.    Absolute Gift.    Life Estate.    "Also."*

A testator bequeathed and devised certain specific articles of personal property and a pew in a meeting house to his wife for life, and in the same clause he made a further bequest, using the following language, "I also give and bequeath to my said wife, Betsey Loring, forty-five hundred dollars, to be paid to her in cash or in such personal securities as she may select from my estate." *Held;* That by this language the testator made an absolute gift to his wife, of the sum of forty-five hundred dollars; and that the meaning of the word "also" in this connection was "in addition" rather than "in like manner."

By a subsequent clause in the will, the testator bequeathed and devised to others all of the real and personal property given to his wife, that might remain unexpended at her decease. *Held;* that so far as the devise or bequest over applied to the absolute gift of forty-five hundred dollars, it was void.

ON REPORT.

Bill in equity, heard on bill, the allegations being taken as true by agreement of all the parties, to obtain the construction of the will of Perez Loring, deceased.

The material parts of the will are stated in the opinion of the court.

*Nathan and Henry B. Cleaves, Henry W. Swasey, and Stephen C. Perry,* for plaintiff.

*Franklin M. Drew, and Leonard G. Roberts,* for defendants.

The gift of $4500 to the plaintiff is limited like the other property, given to her in the second clause, to "her use during her natural life." Rule of construction.    *Cotton* v. *Smithwick,* 66 Maine, p. 367.

Testator intended to provide for the support of his widow during her natural life, and then see to it that all of his property remaining and unexpended by his widow in her life-time, should go to his heirs instead of any portion going to her heirs. He evidently intended that his widow should continue to live in keeping with her style of living while his wife, but when that was accomplished, he felt his duty toward her and her family would be discharged, and he preferred that his heirs should have all the remainder of his estate rather than that any of it should go to his wife's heirs. The testator in no way, in his will, recognizes the heirs of his wife *eo nomine,* but he does remember with gifts his sister and a large number of his nephews and nieces by name. All that he gives his wife is contained in the second article of his will. All the rest of his estate he gives directly to his heirs upon his decease. No recognition of her heirs is made, no provision for them is provided. He gave to his wife for her use during her natural life his home with its furnishings as he should leave it, his horse and carriage, and a pew in the church, and then, that she might have an income to enable her to continue to occupy and use them as she had during their married life, he gave her $4500 for her life. No aid can be derived in the construction of this will from its punctuation as throughout the will the testator disregards the rules of punctuation. Disregarding then the punctuation, let us examine the words of article two, and try to find the true construction to be given to them. Both parties agree that everything enumerated down to and including the pew was given to the widow only during her life. We submit that the remaining gift in this article, namely, $4500, has the same limitation attached to it.

1. Because this is consistent with the purpose we think the testator had that all of his property should in the end go to his heirs and that the heirs of his wife should receive no part of it.

2. The word "also" used at the commencement of this last clause, means here "in like manner," and the commencement of this clause means, "I, in like manner" give and bequeath to my said wife Betsey Loring forty-five hundred dollars," etc., referring back to the limitation "for her use during her natural life."

This interpretation of the word "also" is in harmony with its definition and the rules of construction of wills. See *Caroline Morgan's Executor* v. *John Morgan's Trustee*, Court of Chancery, N. J., reported in Cent. Rep. January 6, 1887, p. 864, a similar case where the court discusses the matter of punctuation and the meaning of the word "also."

3.   The construction claimed by the defendants is the only one consistent with the language of the testator used in the fifth article of his will.   He says, "Fifth and upon the decease of my said wife I give bequeath and devise all that may remain unexpended of the real and personal or mixed estate given to my said wife in the second clause of this will to Jacob L. Hayes," and the other defendants.   This language includes everything given to his wife in the second clause.   He says "all."

His language shows that the testator had in mind both clauses of article two and, therefore, he could not have referred alone to the first clause of clause two.   He said, "all that may remain unexpended."   This word "unexpended" finds no application in the first clause of article two.   In the first clause he gave his wife his house, furniture and housekeeping articles, horse, carriage, sleigh, harness, farming tools, watch, jewelry and pew. Not one piece of property which could be expended, and, therefore, the use of the word "unexpended" finds no application in the first clause, no application to the only property which the plaintiff says remains to be disposed of.   If we examine the second clause of article two, we find property to which the word "unexpended" could be properly applied, namely, the forty-five hundred dollars.   This is a species of property which can be expended.

All the property embraced in the first clause of article two is plainly either real or personal.   But when we come to the second clause of article two, we find property which might properly be denominated "mixed," namely, "securities."   The testator when he made his will, could not know whether his wife would prefer that the forty-five hundred dollars which he proposed to leave to her, should be paid to her in cash, or made up by selections from his notes and bonds secured by mortgage

on real estate, and that he might cover either contingency he used the word "mixed" estate in his enumeration of the remainder which his wife might leave. And, as a matter of fact, she did select securities for the whole amount of the forty-five hundred dollars except one hundred dollars in gold.

By thus applying the words "unexpended" and "mixed" every part of the will becomes intelligible and every clause and word are taken into consideration; nothing is rejected, and articles two and five mutually aid and give light to each other.

Plaintiff in reply.

The language of John Morgan's will is, "I give, devise and bequeath unto my beloved wife, Caroline Morgan, all of my household goods and furniture, also one third of the income or interest of my estate during her widowhood, in lieu of dower." And the words expressing the quantity of the estate were reserved till the end of the devising clause.

It is said in *Giles* v. *Melsom*, L. R. (6 H. L.) 24, cited in *Morgan* v. *Morgan, supra,* "The proviso being at the end of all the devises must have a meaning applicable to all, and not be treated as if placed at the end of one and thus be made applicable to one only."

As said in 8 Viner's Abridgment, 214, it has been decided, "If a man devise blackacre to one in tail, and also whiteacre, the devisee shall have an estate tail in whiteacre too, for this is all one sentence."

Sevinz, J., in 1 Modern Reports, English Courts, 130, has announced this doctrine as follows: "If A. gives blackacre to C. and his heirs, also whiteacre, this gives C. a fee in whiteacre," because the devise is all in one sentence. But the decision goes on to say that if there had been a separate sentence repeating the name of the devisee and the verb of gift — as is the fact in the case at bar — the words of the devise of blackacre in fee would not have enlarged the estate in whiteacre beyond an estate for life in C.

SITTING: PETERS, C. J., WALTON, LIBBEY, EMERY, HASKELL, WISWELL, JJ.

WISWELL, J.   Bill in equity asking for the construction of a will.   The only two clauses of the bill involved in the question presented, are as follows :

" Second.  I give, bequeath and devise to my wife, Betsey, Loring, my house with all the buildings and the land adjoining the buildings, also all the furniture and housekeeping articles contained in my dwelling house in said Yarmouth to have and to hold the same for her use during her natural life, also my horse, carriage, sleigh, harness, farming tools, also my watch and jewelry, Pew No. 9 first Parish Church   I also give and bequeath to my said wife, Betsey Loring Forty-five hundred. dollars (4500) to be paid to her in cash or in such personal securities as she may select from my estate.

" Fifth  And upon the decease of my said wife I give bequeath and devise all that may remain unexpended of the real and. personal or mixed estate given to my said wife in the second clause of this will, to Jacob L. Hayes and others [naming them] to be divided equally between them share and share alike, to have and to hold to them, and each of them in severalty, their heirs and assigns forever."

The foregoing is an exact copy of the two clauses of the will (except the names of the devisees in the fifth clause) according to the report, including punctuation.

The only question is whether the last portion of the second clause, taken in connection with the fifth clause, gives to the widow the sum of forty-five hundred dollars absolutely, or only the use of that sum for her life, with or without the right to expend the same.   " I also give and bequeath to my said wife, Betsey Loring forty-five hundred dollars (4500) to be paid to her in cash or in such personal securities as she may select from my estate."

This language is not only sufficient and appropriate to make an absolute bequest, but it is difficult to see how the testator could have used other or different words which would more clearly show his intention of making an absolute general bequest.   The same language used in a devise of real estate would give the devisee an estate in fee simple.

But the counsel for the respondents urge that the use of the word, "also" in this paragraph, "I also give and bequeath," shows that the intention of the testator was to limit this bequest as he had the other devises and bequests in that clause. He says that the word means, "in like manner," and that the testator's intention was to bequeath this sum of money in like manner with the rest of the devises and bequests in the clause, that is, "for her use during her natural life."

The word "also," is used three times before in the same clause, once shortly before and twice after the words of limitation. Its use and connection in the two first instances after the words of limitation was undoubtedly such as to show an intention upon the part of the testator that the bequest of the specific articles of personal property, the horse, carriage and other things mentioned should be subject to the same limitation. The case of *Morgan* v. *Morgan*, 41 N. J. E. 235, relied upon by respondents' counsel is, we think, much more applicable to the use of the word, "also," in the instances that we have just referred to, than to its use in a separate and distinct paragraph, as this seems to be.

While it is true that one meaning of the word "also " is " in like manner," another and quite as common a meaning is " in addition." " besides," and we think that this is the sense with which it was used by the testator in this last paragraph.

The respondents' counsel further urge that the fifth clause of the will, wherein the testator devises and bequeaths unto Jacob L. Hayes and others " all that may remain unexpended of the real and personal or mixed estate given to my wife in the second clause of this will," at the decease of his wife, should be taken into consideration as showing that the bequest of this sum of forty-five hundred dollars was for life only.

Whether by this clause the testator intended to make a devise and gift over of all the property mentioned in the second clause, or only of that which was given for life can make no difference. It has long been a settled rule in this State, as well as elsewhere, that where by the terms of a devise or bequest an estate in fee simple of real estate, or an absolute gift of personal property is made, a

devise or gift over is void. *Jones* v. *Bacon*, 68 Maine, 34; *Stuart* v. *Walker*, 72 Maine, 146; *Mitchell* v. *Morse*, 77 Maine, 423.

In this case, the bequest of forty-five hundred dollars to the wife in cash or securities to be selected by her is absolute; there are no words of limitation that apply to that portion of the clause and it cannot be presumed that the testator intended a a life estate only, when the language used clearly indicates an intention to make an absolute gift.

*Decree accordingly.*