[No. 4598.]

PLATT v. BRANNAN ET AL.

**1. Wills—Construction.**

The fundamental rule in construing wills is to ascertain the intention of the testator and give it effect if it is not contrary to some positive rule of law or against public policy, and this intention is derived from the language of the will itself. Words not technical are generally interpreted in their ordinary and popular signification, and when occurring more than once are presumed to be used in the same sense unless the context shows a contrary intention.

**2. Same.**

A testatrix devised all her interest in a certain described lot of land to her husband, followed by the word, "also" and description of certain other lots and then followed a provision

that the legatee was to have and hold the said parcels of land for the term of his natural life with remainder to certain other named legatees.   The operative words, "I give and devise" were not repeated after the word "also" and before the second description of lots.   Held, that there was intended but one general devise composed of the several separate tracts of land and that the limitation to a life estate applied to the first described tract as well as to the subsequent tracts notwithstanding the word "also" began with a capital letter and was preceded by a period.

*Appeal from the County Court of Arapahoe County: Hon. Ben B. Lindsey, Judge.*

This is a controversy over the ownership of a one-half interest in lot 18 in block 1 in Titus' addition to the city of Denver. Both plaintiffs and defendant claim under the third item of the will of Ellen Platt, deceased, which is reproduced as it was written and punctuated:

"I give and devise to my husband. Samuel Platt, all of my right and interest of. in and to that certain lot or parcel of land. known and described as lot numbered eighteen (18) in block numbered one (1) in Titus Addition to the City of Denver, in Arapahoe County. Colo. in which property I own an undivided one half as tenant in common with my said husband.

"Also all of my right and interest of. in and to lots numbered one hundred and four (104) and the west one-half (½) of lot numbered one hundred and five (105). Vernon Place, in the City of Independence, Jackson County. Missouri. in which property I own an undivided one-half as tenant in common with my said husband. together with the improvements and appurtenances. to have and to hold the said interests in the said described parcels of land to the said Samuel Platt together with the rents, incomes and profits thereof, and the sole use and benefit thereof, during the term of his natural life, And

upon his death to my six children, the heirs of my body by former marriages viz: Joseph Wittingham of Georgetown Colorado, George Albert Street of Hartington Nebraska, William Street and Charles Street of Independence. Mo. and Mrs. Ella Brannan and Mrs. Eliza Bratton of Denver Colorado, share and share alike if they be living at the time of the death of my said husband Samuel Platt, and if they or any of them be not living at that time, then the share that would go to each of them if living shall go to the heirs at law of such deceased.

"It is my will however that my said husband Samuel Platt may if he shall so desire. and I do authorize and empower him hereby, to sell the said interest in Vernon Place, lots in Independence Mo. and in such case to invest the proceeds of such sale in other real estate in Denver Colorado, or in the improvement of the said Lot 18, Block One, Titus' Addition in said City of Denver, such investments when and however made to enure to his use during his lifetime and at his death to go to my said children named as hereinbefore provided."

Ellen Platt having died, her will was probated and the executor, Samuel Platt, having closed up the business of the estate, was discharged. The plaintiffs are the children of Ellen Platt by a former husband, and, as Samuel Platt is dead, they claim the premises as devisees, while the defendant, Henrietta Platt, claims as the sole heir at law of Samuel Platt, deceased, and, as already stated, both rely upon the third item.

Mr. CHARLES ROACH and Mr. N. Q. TANQUARY, for appellant.

Mr. W. W. GARWOOD and Miss MARY F. LATHROP, for appellees.

Mr. JUSTICE CAMPBELL delivered the opinion of the court.

The sole question for determination is: Was the devise of the Denver lot to Samuel Platt in fee, or for his life only? If he received the fee, the defendant is entitled to recover; if only a life estate, the plaintiffs own the property.

In construing wills, the cardinal and fundamental rule is to ascertain the intent of the testator, and if the same is not contrary to some positive rule of law or against public policy, to give it effect. This intention is to be derived from the language of the will itself. When this is plain and unambiguous, the intent is easily determined; but when there is uncertainty of language, whether arising from misuse of technical terms or general inaccuracy of expression, there is more or less difficulty, to overcome which resort is had to well recognized rules of construction, more or less technical in their nature. Words not technical are interpreted in their ordinary and popular signification, but not always so, and when occurring more than once, are presumed to be used in the same sense unless the context shows a contrary intention. Precedents are of some assistance, but too much reliance is not to be placed upon them, for rarely, if ever, are two wills precisely alike in language or in general structure.

In support of the contention that her husband, Samuel Platt, took the fee in lot 18, defendant invokes certain established general rules. We may, with plaintiffs, concede their soundness, but, with them, deny their applicability to this particular instrument. It has frequently been said that the first taker in a will is presumed to be the favorite of the testator, and it has also been decided that the tendency of all courts is to adopt such a construction

as will give an estate of inheritance to the first donee. Where two clauses of a will are absolutely repugnant, the rule has been applied which sacrifices the former in favor of the latter; but, as defendant says, this rule is not to govern except where every reasonable attempt to give to the whole will such a construction as will render every part effectual results in failure. Where, also, an estate in fee is devised in one clause of a will in clear and decisive terms, it cannot be taken away or cut down by raising a mere doubt in some subsequent clause or by some mere inference therefrom. To give such effect, the words of the subsequent clause must be as clear and decisive as are the words of the clause giving the estate in fee.

Notwithstanding the insistence of the defendant we are of opinion that these rules of construction are either not applicable or not controlling here, as appears from a consideration of the points which she makes in argument. As preliminary to the discussion, it should be observed that this will is divided into five separate items consecutively numbered. The first item makes gifts to some of the children of the testatrix by a former marriage; the second to others of such children; while the third has already been copied. The fourth item provides for an executor, and the fifth is a revocation of former wills and the witnessing clause. Defendant says that item 3 consists of three separate and distinct sentences and three separate and independent devises, between which there is no grammatical or other connection or common purpose, but each is complete in itself. To sustain this contention she says that the fact that in the sixth line a period follows "husband" is proof that the sentence thus ending is complete. She says this is strengthened by the fact that "Also," immediately following, begins with a capital letter, and is

here used in the sense of "in addition to" or "besides," and introduces a new subject and precedes independent devises.

We cannot agree with this construction. Unquestionably, if what we call the first part of the first sentence ending with "husband" stood alone, the fee would pass, for the language employed would be sufficient to transfer it; and if any accurate or systematic method of punctuation had been employed, color would be lent to defendant's argument based upon the position of this period. But not only here but in other items of the will recognized rules of punctuation are disregarded by the scrivener, and many common words, unquestionably in the middle of a sentence, begin with capital letters. No rational system, either of punctuation or the use of capitals, has been adopted by the scrivener; hence the system, or rather entire lack of method which in these particulars the will exhibits furnishes no reliable aid in arriving at the intention.

The primary meaning of "also," as given in Webster's Dictionary, is "in like manner." Secondary meanings are "in addition to," "besides," "too." The sense in which it is used depends largely upon the context. Most frequently in wills it is used in the sense of "in like manner" or "in the same manner," and unquestionably such is its meaning here. "Also" does not mark the beginning of a new sentence. It will be observed that there is but one set of operative words. "I give and devise" occur but once, and then at the beginning of the item. They are not repeated after "Also." The portion of the item following that word must, therefore, be carried back to the operative words that the devise may become effective. Unless we do so there are no operative words applicable to the Missouri lots so far as concerns Samuel Platt. And if we do not recur to

them the Missouri lots, which are one of the objects of the devise, have no verb or predicate, and that verb has no subject. According to defendant's argument, we would have what she calls a complete and independent sentence with no subject or predicate. There can be no complete sentence without them. It is clear that the first sentence is not complete until the word "deceased" in the 23d line is reached. It is equally apparent that there was intended but one general devise, composed of several separate tracts of land, and not several separate devises.

It is also to be noted that the testatrix speaks of "said *interests* in the said described *parcels* of land." This language might apply to three lots theretofore mentioned, or to only two of them; but as the Missouri lots are contiguous, and in the second sentence of the item authority is granted to the testator "to sell the said *interest* in Vernon Place lots," the testatrix, we are persuaded, regarded lot 18 as one *interest* or *parcel* and the Vernon place lots as the other. Taking, then, the item in its entirety, as we should, we are convinced that the testatrix intended to give Samuel Platt a half interest in all the parcels therein described only for his natural life, and that he did not take a fee.

We are cited to and have found some cases which are clearly authority for our construction. In *Hauser v. Craft*, 134 N. C. 319, the following provisions of a will were construed: "Item 3. I give unto my granddaughter Katherine Scott a tract of land called the Elder tract, being 166 acres, which adjoins Janus Fletcher." Then follow two complete sentences, each one beginning with the word "Also," in which a capital A is used, by which certain personal property was given, after which was the following: "also two acres of meadow land * * * which is to be hers during her natural life

only." The court, in a luminous opinion by Walker, Justice, held that Katherine Hauser took only a life estate in the Elder tract of land. The point was made there that, because of the punctuation and the use of capital letters and the employment of "also," the intention of the testator was to limit the life interest which the granddaughter took solely to the two acres of meadow land, and not to the Elder tract; but the court held that the punctuation was so irregular and inaccurate that not much, if any, weight could be given to it, and that the general structure of the will clearly indicated that this clause was intended as one devise or bequest composed of different objects. There certainly was more reason for restricting the limitation solely to the meadow land in the Hauser case than there is here for applying it only to the Vernon Place lots. But if the decision there was right, as we think it was, *a fortiori* is our conclusion here warranted.

In *Hysmith v. Patton*, 80 S. W. (Ark.) 151, cited by defendant, the first sentence of the item gave to the devisee certain land, and the language employed was sufficient to pass a fee. The word "Also" with a capital A began a new sentence as follows: "Also all of my personal property I may have at my death, and to hold the same in her own right during her natural life or widowhood, consisting of horses, cattle, hogs, etc." The court held that the limitation applied only to the personal property, and not to the real estate. This decision was clearly right, because the property which the widow was to hold during her natural life was specified as "consisting of horses, cattle, hogs, etc." Clearly, therefore, it was a limitation not applicable to real estate.

In *Safe Deposit Co. v. Stitch*, 61 Kan. 474, was construed a will of an illiterate man written by an illiterate scrivener. The testator gave to his sister

several different tracts of real estate, and added this sentence: "I also will and bequeath to my sister [certain personal property] to have and hold during her natural life." The court held that the words of limitation applied only to the personal property described in the gift contained in the clause immediately preceding them, and not to the real estate. This was put upon the ground, as stated in Jarman on Wills (5th ed.) 708, rule 22, that from the entire construction of the will it ·appeared that there were several independent devises not grammatically connected or expressing a common purpose. It was held that each devise must be construed separately and without reference to the others, and therefore the limitation clause applied only to the last of the several separate gifts. There was no other language in any clause of that will which threw any light upon the intention of the testator, and in this respect the will was different and the case is easily distinguishable from the one at bar.

Loring v. Hayes, 86 Me. 351, is cited by defendant in support of her construction, but a critical examination discloses that it is really authority for the position assumed by the plaintiffs. This case, too, furnishes a striking illustration that to all general rules there are exceptions. The court there decided that the word "also," which occurs four times in one item, is used three times in the sense of "in like manner," and once with the meaning "in addition" or "besides."

In Conn. T. & S. Deposit Co. v. Chase, 75 Conn. 683, the ninth clause of a will provided that the testator's house in Hartford should be sold as the executor deemed expedient, and from the avails thereof $500 was given for the perpetual care of certain lots in a cemetery. The sentence making this gift was complete in itself. It was immediately followed by

several separate and distinct sentences, each one of which gave the right of burial in this lot. Then there followed a provision in the same item, but as a separate sentence, that from the avails of the sale of the same house a gift of $500 was made for a certain purpose. Then follows this sentence: "I also give as a further memorial for my parents" (naming them) "five hundred dollars to the Baptist Church of Cromwell, the interest of which is to be used for the benefit of the church." Following this, and in a distinct sentence, was a further provision that if there was any residue out of the proceeds of the sale of the same house certain dispositions were made of it. The court held that the legacy to the Baptist church was payable only out of the proceeds of the sale of the Hartford house, though there was no such restriction in the clause which created the gift. This decision was based upon the fact that its position in clause 9, in immediate juxtaposition before and after with the legacies only so payable, taken in connection with the use of the word "also," sufficiently indicated that such was the intention of the testator. That certainly was going much further than we are required to do in this case to hold the limitation of the third item applicable to all the tracts of real estate described therein.

Without prolonging the opinion, the following, among other cases that might be cited, are clearly in support of our conclusion that Samuel Platt took only a life estate, and not a fee, in all the real estate described in item 3; that this item consists of two, and not three, sentences; that there are not separate and independent devises, but only one consisting of different objects given to the same person.—*Morgan v. Morgan,* 41 N. J. Eq. 235; *Eberhardt v. Perolin,* 49 N. J. Eq. 570; *Du Pont v. Du Bos,* 52 S. C. 244; *Berry v. Berry,* 1 Har. & John. *418; *Noble v. Ayers,*

61 Ohio St. 491 (which is quite in point here); Page on Wills, § 474; *Allison v. Bates,* 6 B. Mon. (Ky.) 78; 1 Jarman on Wills (5th ed.) *499; 2 Am. & Eng. Enc. Law (2d ed.) 177; 2 Cyc. Law & Proc. 136; *Child v. Elsworth,* 51 Eng. Chan. Reps. *678; *Green v. Hewitt,* 97 Ill. 113 (quite similar to the case at bar); 30 Am. & Eng. Enc. Law (2d ed.) 691, and notes.

The judgment should be affirmed, and it is so ordered.                                        *Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE STEELE concur.