Argued October 21, decided November 11, 1913, rehearing denied February 10, 1914.

## IRVINE *v.* IRVINE.

(136 Pac. 18.)

**Wills—Devise of Fee—Heirs.**

1. Under the express provisions of Sections 7103, 7344, L. O. L., the term "heirs" or other words of inheritance are not necessary to create or convey an estate in fee, but a devise of real property will be construed to be a devise of all the estate or interest of the testator, subject to his disposal, unless it clearly appears from the will that he intended to devise a less estate or interest.

**Wills—Separate Clauses—Construction.**

2. Where an estate in fee is given in one clause of a will in clear and explicit terms, the devisee's interest thus obtained cannot be diminished by subsequent vague or general expressions of doubtful

import, or by any inference deducible therefrom, that may be repugnant to the estate given.

Wills—Construction—Estate Devised—Fee—"Same"—"Also."

3.   Testator devised to his wife all his real estate situated in the Cook donation land claim known as the "home place"; also giving to her all testator's land situated in the Williams donation land claim and 10 acres of timber land, to have and to hold the "same" during her natural life, she to have the proceeds and income of the real estate and at her death to be sold and the proceeds to be divided among testator's children. *Held,* that under the rule that the word "same" refers to the next antecedent, and the word "also," when employed in wills at the beginning of a new clause, means no more than "item," or "in addition," the word "same," in the clause providing that the wife should hold the "same" during her natural life, should be limited to the land situated in the Williams donation claim, and the will construed as vesting a fee in part of the Cook claim known as the "home place," in the widow.

[As to construction of words repeated in will, see note in Ann. Cas. 1914B, 67.]

From Polk: WILLIAM GALLOWAY, Judge.

This is a suit by Jesse T. Irvine and others against Lizzy Irvine and others. From a decree for the plaintiffs, defendants appeal. The facts are set forth in the opinion of the court.                    AFFIRMED.

For appellants there was a brief, with oral arguments by *Mr. John A. Carson* and *Mr. Oscar Hayter.*

For respondents there was a brief over the names of *Mr. Martin L. Pipes* and *Messrs. McCain, Vinton & Galloway,* with oral arguments by *Mr. Pipes* and *Mr. James McCain.*

Department 1. MR. JUSTICE MOORE delivered the opinion of the court.

This is an appeal by the defendants from a decree partitioning real property. The question involved is the construction of a clause of the last will of Josiah Johnston, deceased, to wit:

"Second.—I give and bequeath to my beloved wife, Nancy Johnston, all my real estate, situated in the C. P. Cook donation land claim, in Polk County, Oregon, said land being known as our 'home place,' consisting of

one hundred (100) acres, more or less; also give, devise and bequeath to my said wife, all my land situated in the Leonard Williams donation land claim, in Polk County, Oregon, consisting of one hundred and five (105) acres of prairie land, and ten (10) acres of timber land, more or less, to have and to hold the same during her natural life, and she is to have the proceeds and income from said real estate, and at her death the said land is to be sold, and the proceeds of said sale is to be divided equally among my children living at the time of my said wife's death." ·

If by the language quoted a title in fee to the real estate in the Cook donation land claim was intended to be devised to Nancy Johnston, the plaintiffs as her devisees secured an undivided three fourths of the premises, and the defendants obtained by purchase the remainder, which tract, known as the "home place," was divided by referees appointed by the court for that purpose into two parts of the equivalent relative value of the portions stated. If, however, such testamentary disposition gave to the widow only a life estate in the "home place," the plaintiffs have no interest therein, and the defendants are seised of the whole thereof.

1. In Oregon the term "heirs" or other words of inheritance are not necessary to create or convey an estate in fee simple: Section 7103, L. O. L. An enactment, declaring when a freehold estate of inheritance, absolute and unqualified, passes by will, reads: "A devise of real property shall be deemed and taken as a devise of all the estate or interest of the testator therein subject to his disposal, unless it clearly appears from the will that he intended to devise a less estate or interest": Section 7344, L. O. L. Seeking in the light of these statutory rules to discover the testator's intention, which is the cardinal method for the interpretation of his wishes as to the disposition of his property after his death, it is argued by defendant's

counsel that, though the clause of the will quoted contains distinct descriptions of real property, the devises are not separate and independent, but are connected, thus making the limitation of the life estate applicable to both tracts of land. It is maintained by plaintiff's counsel, however, that the language employed to effectuate the devises consists of two complete and separate sentences, and though the mark adopted to indicate the pause dividing the written composition is a semicolon, and the scrivener began the second sentence with a lower case letter, an examination of the entire clause of the will discloses an unmistakable purpose of the testator to make the limitation of a life estate refer only to the real property in the Williams donation land claim.

2. It is a well-recognized rule that where an estate in fee is given in one clause of a will in clear and explicit terms, the interest which the devisee thus obtains in the lands cannot be taken away or diminished by any subsequent vague or general expression of doubtful import, or by any inference deducible therefrom, that may be repugnant to the estate given: Underhill, Wills, § 689; *McIsaac* v. *Beaton,* 3 Ann. Cas. 615, note; *Mee* v. *Gordon,* 187 N. Y. 400 (80 N. E. 353, 116 Am. St. Rep. 613, 10 Ann. Cas. 172); *Lohmuller* v. *Mosher,* 74 Kan. 751 (87 Pac. 1140, 11 Ann. Cas. 469).

3. The language employed by the testator to express the devise of the real property in the Cook donation land claim, standing alone, undoubtedly evidences a gift in fee. The interest thus disposed of ought not to be cut down unless it is manifest from an inspection of the entire clause of the will that the testator intended to make the life estate also a limitation upon the land first hereinbefore described.

It will be kept in mind that the will referring to the premises devised to Mrs. Johnston provided that she was "to have and to hold the same during her natural

life.'' ''The relative 'same' refers to the next ante-
cedent'': 2 Kent's Com. *555. Applying this rule of
construction to the term ''same'' as used in the clause
of the will under consideration, the word thus employed
evidently relates to ''all my land situated in the
Leonard Williams donation land claim,'' though· such
general description necessarily includes the more spe-
cific designation of prairie and timber land. This
arrangement would seem to render the word ''same''
inapplicable to the devise of any part of the land in
the Cook donation land claim.

In *Finney ex dem.* v. *Collings,* 4 Maule & S. 58, in
construing the language of a will, Lord Chief Justice
ELLENBOROUGH observed.

''This is a question for a grammarian rather than a
lawyer, or which a schoolmaster might decide as well
as a judge.''

It is impossible to reconcile the many conflicting de-
cisions that have been rendered upon the question
under consideration. It is believed, however, that
under a statute like ours, requiring a devise of real
property to be construed as a gift of all interest of
the testator therein, subject to his disposal, unless it
clearly appears from the will that he intended to be-
stow a less interest (Section 7344, L. O. L.), an estate
in fee was given by the will to Nancy Johnston of the
''home place'' in the Cook donation land claim. This
conclusion is based upon the term ''also'' as used in
the second sentence employed to effectuate the gift,
when such word is considered in connection with the
context of a devise of a life estate in the Williams
donation land claim. While the word ''also'' has
several meanings, one signification when the term is
employed in wills as the beginning of a new clause is
no more than ''item'' or ''in addition,'' if the clauses
are separate and independent: Underhill, Wills, § 321.

In the case at bar what appears to make the term "also" the commencement of a separate sentence is the fact that it immediately precedes the words "give, devise and bequeath to my said wife," which latter expression was unnecessary if the testator had intended to give only a life estate in the Cook donation land claim.

In *Platt* v. *Brannan,* 34 Colo. 125 (81 Pac. 755, 114 Am. St. Rep. 147, 150), the following is the clause of a will in controversy:

"I give and devise to my husband, Samuel Platt, all of my right and interest of, in and to that certain lot or parcel of land known and described as lot numbered eighteen (18) in block numbered one (1) in Titus addition to the city of Denver, in Arapahoe County, Colo., in which property I own an undivided one half as tenant in common with my said husband. Also all of my right and interest of, in and to lots numbered one hundred and four (104) and the west half (½) of lot numbered one hundred and five (105), Vernon Place, in the city of Independence, Jackson County, Missouri, in which property I own an undivided one half as tenant in common with my said husband, together with the improvements and appurtenances, to have and to hold the said interests in the said described parcels of land to the said Samuel Platt together with the rents, incomes and profits thereof, and the sole use and benefit thereof, during the term of his natural life. And upon his death to my six children," naming them.

In construing the language last quoted it was held that the devisee took only a life interest in all of the lands. In deciding that case Mr. Justice CAMPBELL, referring to a word found in the devise, says:

" 'Also,' does not mark the beginning of a new sentence. It will be observed that there is but one set of operative words. 'I give and devise' occur but once, and then at the beginning of the item. They are not repeated after 'Also.' The portion of the item following that word must therefore be carried back to the operative words that the devise may become effective.

Unless we do so there are no operative words applicable to the Missouri lots so far as concerns Samuel Platt. And if we do not recur to them, the Missouri lots, which are one of the objects of the devise, have no verb or predicate, and that verb has no subject.''

In the case of *Morgan* v. *Morgan,* 41 N. J. Eq. 235 (3 Atl. 63), in a clause of a will giving personal property, also an interest in the income of an estate during widowhood, it was held that the donee took only an interest in the personal property *durante viduitate.* In that case the granting words were not repeated after the word ''also.'' To the same effect are the cases of *Green* v. *Hewitt,* 97 Ill. 113 (37 Am. Rep. 102); *Rose* v. *Hale,* 185 Ill. 378 (56 N. E. 1073, 76 Am. St. Rep. 40); *Montgomery* v. *McPherson,* 86 Miss. 4 (38 South. 196); *Hauser* v. *Craft,* 134 N. C. 319 (46 S. E. 756); *Noble* v. *Ayers,* 61 Ohio St. 491 (56 N. E. 199). In each of these cases there were no words governing the transactions intended to be consummated by the writings, repeated after the term ''also'' as used in the several wills, and hence the portion of the item following that word was necessarily carried back to the operative words in order that the several devises might become effective.

In *Loring* v. *Hayes,* 86 Me. 351 (29 Atl. 1093), clauses of a will were as follows:

''Second. I give, bequeath and devise to my wife, Betsey Loring, my house with all the buildings and the land adjoining the buildings, also all the furniture and housekeeping articles contained in my dwelling-house in said Yarmouth to have and to hold the same for her use during her natural life, also my horse, carriage, sleigh, harness, farming tools, also my watch and jewelry, Pew No. 9 first Parish Church. I also give and bequeath to my said wife, Betsey Loring, Forty-five hundred dollars (4500) to be paid to her in cash or in such personal securities as she may select from my estate.''

"Fifth. And upon the decease of my said wife I give bequeath and devise all that may remain unexpended of the real and personal or mixed estate given to my said wife in the second clause of this will, to Jacob L. Hayes and others [naming them] to be divided equally between them share and share alike, to have and to hold to them, and each of them in severalty, their heirs and assigns forever."

In construing the language last quoted it was held that the testator made an absolute gift to his wife of $4,500, and that so far as the devise or bequest over applied to the unconditional donation of that sum, it was void. In that case it will be noted that the operative words "give and bequeath" are used immediately after the word "also," to effectuate the gift to the wife of $4,500 in cash or securities as she might select, thereby evidencing a separate and independent bequest.

Believing that the devise of the real property in the Cook donation land claim was a gift in fee, the decree should be affirmed; and it is so ordered.

AFFIRMED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BURNETT and MR. JUSTICE RAMSEY concur.