CAMDEN SAFE DEPOSIT AND TRUST COMPANY

v.

ELIZA GUERIN et al.

[Submitted October 6th, 1916.   Determined October 25th, 1916.]

1. Under the facts in this case, the *corpus* of the residuary estate was intended to vest at the death of persons not necessarily in being at the testator's death, and hence was within the rule against perpetuities, and the bequest wholly failed, and the residuary estate at the death of the testator passed to his heirs-at-law and next of kin, subject to the lawful operation of the trust created.

2. Certain bequests in this will as to division of income are valid, excepting in the case of surviving husbands who were not identified and might be persons not in being at the testator's death.

3. Certain specified distribution of income, not vesting until the death of a person who might not be in being at the testator's death are also within the rule against perpetuities, and must fall into the *corpus* of the estate.

4. The trustee's legal title to the residuary estate is superior to the reversionary equitable title of the beneficiaries.

5. The period of a trust may lawfully extend to the decease of any designated person in being at the death of the testator and twenty-one years thereafter.

6. Where a naked power of sale involves only the conversion of real estate into personal property, the entire interest therein belonging to one person, equity will not compel such conversion against the will of the *cestui que trust* but will permit him to take the land; but this will not be done where other *cestuis que trust*, in equal right, dissent.

On final hearing on bill for construction of will of Joseph Ogden Cuthbert and cross-bill for partial distribution of trust estate.

*Mr. George J. Bergen,* for the complainant.

*Mr. John G. Horner* and *Mr. Lewis Star.*, for the defendants T. Sherman Borden and Rebecca Borden.

*Messrs. Wilson & Carr,* for the defendants James Blair Cuthbert, Edgar G. Cuthbert and the Broadway Trust Company.

*Mr. Adam R. Sloan,* for the defendants Hannah Ebert and others.

LEAMING, V. C.

The bill of complaint in this suit has been filed by trustees under the will of Joseph Ogden Cuthbert, deceased, and seeks directions from this court touching the administration of the trust.  All persons interested in the estate have been made defendants.

Testator died November 30th, 1887.  After certain specific bequests testator devised and bequeathed the residue of his estate to certain designated persons and to their heirs and assigns and successors in office in trust, and specifically defined the nature and extent of the trust.

The trust which is declared by the will first has reference to the disposition which the trustees are directed to make of the net income of the residuary estate during the continuance of the trust and deals with various contingencies which are to determine the persons to whom the net income shall be payable from time to time.  It is then provided that upon the happening of certain contingencies the trustees shall distribute the *corpus* of the residuary estate in manner therein specifically set forth.

At the date of the will, as well as at testator's death, he had three sons, a daughter and a granddaughter—the daughter of a deceased son—who, in absence of a will, would have been his heirs-at-law as well as his next of kin.

The provisions of the will for the termination of the trust and distribution of the *corpus* of the residuary estate are as follows:

"Upon the death of all my sons and daughter and granddaughter Mary Rue above named and their surviving husbands and wives; also after the death of all the children of the first generation of my said sons, daughter and granddaughter Mary Rue, the trusts hereby created shall cease, and the Trustees of this my will, or their successors in office, shall part, divide and distribute all the residue of the capital of my estate to and among the lawful grandchildren of my said sons, daughter and granddaughter Mary Rue, absolutely in the shares and proportions

above directed respecting the income, clear of further trusts, *per stirpes* and not *per capita.*"

The *corpus* of the residuary estate is thus given to vest at the death of persons who are not necessarily in being at the decease of testator. The well-defined rule of law against the creation of perpetuities forbids a gift which is to vest on a contingency of that nature. Husbands and wives of the children and grandchild of testator, and also children of testator's children and grandchild, could come into being after the death of testator, and no gift could be lawfully made to vest at their death. It results that the gift of the *corpus* of the residuary estate wholly failed and that estate at the death of testator passed to his heirs-at-law and next of kin under our intestacy laws, subject to the operation of all lawful provisions of the trust relating to the management of the estate and distribution of the income during such period as the trust could continue. The circumstance that the residuary estate was part personal property and part real estate is here immaterial, as the heirs-at-law and next of kin of testator were identical at his decease. At the death of testator the equitable title to the *corpus* of his residuary estate accordingly passed to his four children and grandchild in equal shares, subject to the operation of all lawful provisions of the will relating to the trust for the management of the estate and distribution of the net income therefrom. *Gray Per.* § *414.*

Joseph O. Cuthbert, Jr., one of the sons of testator, has since died without issue. His equitable title to the one-fifth share of the *corpus* of the residuary estate then vested in the three remaining children and the granddaughter of testator, thus constituting each the equitable owner of one-fourth of the *corpus,* subject to the trust relating to the management of the *corpus* and distribution of the income. Each of these three remaining children of testator have since died leaving issue who have inherited their parents' respective shares of the *corpus,* subject to the operation of the trust; the granddaughter of testator is still alive. The legal title to the *corpus* of the residuary estate is still in the trustees for the purposes of the trust.

The trust created by the will for the management of the residuary estate, and the distribution of the net income there-

from, is also in conflict with the rule against perpetuities in some of the provisions of the trust; in other respects its provisions are valid and will be enforced.

One-fifth of the net income is directed to be paid by the trustees to each of the four children of testator during their respective lives; one-half of the remaining one-fifth to be paid to the granddaughter of testator for life and the other half to her mother for life. These are valid provisions of the trust and conferred upon each of these six beneficiaries a right to the shares of the income named during their respective lives. As already stated, the granddaughter of testator is still alive; all the children of testator are now deceased.

The trust next provided that upon the decease of the mother of the granddaughter her one-tenth share of the income should be paid to the granddaughter for life; the mother of the granddaughter is now deceased, and the granddaughter has thus become entitled to one-fifth of the net income.

The trust then provides as follows:

"Upon the death of any of my sons or daughter or granddaughter Mary Rue leaving a wife or husband surviving them, one-third of the income so as aforesaid made payable to said decedent shall thereafter be paid to such surviving wife or husband for life, the remainder of said income shall be paid to the child or children of such decedent, if any, during the life of such children's surviving parent. In case such son or daughter or granddaughter Mary Rue so dying should leave no wife or husband to survive them; also after the death of any such surviving wife or husband; I give, devise and bequeath that fifth part of the share of the income of my estate so as aforesaid held in trust for such son, daughter or granddaughter Mary Rue for life, to all and every the child or children of such deceased son, daughter or granddaughter Mary Rue who may be living at the time of the death of such parent in equal parts and shares, during their respective lives to be paid to them by my said Trustees upon their own receipts only and so that the said capital and income shall not be subject to the debts, control or engagement of my grandchildren."

These provisions of the trust may be best considered in their application to the beneficiaries severally. As the granddaughter, Mary A. Rue, is still alive and has a husband and children living at this time, the several contingencies may be advantageously applied to her share of the income for purposes of illustration.

It will be observed that in the event of her decease leaving children and no husband surviving her, her one-fifth share of the income is made payable to her surviving children during their respective lives. This is a valid provision of the trust, as the rights of the surviving children are made to vest at the decease of a granddaughter specifically named in the will. It is also provided that in the event of her leaving a surviving husband and child or children, one-third of her share of the income is to be paid to the surviving husband during his life, and the remaining two-thirds to her surviving child or children during the life of her surviving husband. These are also valid provisions of the trust for the reasons above stated. It is next provided that at the death of such surviving husband her entire one-fifth share of the income shall be paid to her children who survive at that time. This attempted gift over is void, for the reason that it is made to vest at the death of a surviving husband of Mrs. Rue who is not identified. At the death of testator it was possible that Mrs. Rue's surviving husband might be a person not in being at that time. It is immaterial that Mrs. Rue may have had a husband living at the decease of testator, for he is not specified in the will as the husband to which the contingency solely relates. The possibility of his death, and of Mrs. Rue's remarriage, renders the vesting of the bequest dependent upon the death of a person who is not necessarily in being at the time of testator's decease, and violates the rule requiring it to vest within twenty-one years after the death of a person in being at the decease of testator. It follows, in the event of Mrs. Rue leaving a surviving husband, her share of the income at the decease of such husband is undisposed of and will necessarily fall into and become a part of the *corpus* of the residuary estate. The gift over to the children of Mrs. Rue, in the event that she leaves no surviving husband, is not impaired by the circumstance that alternative contingencies are contemplated by testator at her decease; an estate is made to vest at her decease in either event.

As already stated, the four children of testator are now deceased. The trust provisions above applied to the granddaughter,

Mary A. Rue, will apply in like manner to the three children of testator who left children surviving them.

The son Henry C. Cuthbert left him surviving a widow, who is still alive, and also left surviving children. At his death two-thirds of the one-fifth of the income became payable to his children during the life of the surviving parent and the remaining one-third to his widow during the same period. At her death this one-fifth of the income will fall into the *corpus* of the estate, for the reasons already stated.

The son Allen Cuthbert died leaving children and no widow. His one-fifth share of the income then became payable to his children for their respective lives.

The daughter, Mary C. Gillespie, died leaving children and no husband surviving her. Her one-fifth share of the income then became payable to her children during their respective lives.

As already stated, the son Joseph O. Cuthbert, Jr., died without leaving a child or children, but left a widow, who is still alive. One-third of the one-fifth share of the income then became payable to his widow for life.

The only provision of the trust touching the payment of the share of income payable to the sons or the daughter or the granddaughter of testator at the death of such son, daughter or granddaughter childless, is found in the concluding part of the ninth item of the will. That provision is as follows:

"Provided, however, that in case any of my said children or granddaughter Mary Rue should die without leaving any child to survive them, then upon the death of the surviving husband or wife, if any, that share or fifth part of the income of my estate which was so held in trust for the life of such decedent shall be paid by my trustees to my surviving children, and the issue of any of my children who may be then dead leaving issue, in such parts and shares and for such estates that the number of surviving children shall be added to the number of those then dead leaving issue, and those living shall each take one fractional share of income corresponding to the whole number thus formed and the issue of my deceased children shall together take the fractional share of income that would have appertained to their deceased parent if then living, for and during their respective lives. My intention being to give an equitable life estate of one-fifth part of the income of all my residuary estate to each of my sons Joseph O. Cuthbert, Jr., Allen Cuthbert and Henry C. Cuthbert and to my daughter Mary C. Gillespie and

my granddaughter Mary A. Rue subject to the trust and conditions above set forth with remainders over after their death as above limited to my grandchildren for life, Mary Rue's share of income to be divided equally with her mother so long as the latter may live."

Touching the above-quoted provision, it will be observed that the gift over of the income to surviving children of testator, or their issue in the event of the death of a child, or the granddaughter of testator without leaving issue, would be a valid gift if made to vest at the time of the decease of such child or the granddaughter. But, by the language above quoted, no interest is declared to vest in the surviving children or their issue until the decease of a surviving husband or wife of the child or the granddaughter dying without issue. This postpones the vesting until the death of a person who may not be in being at the death of testator. The evidence also discloses that all the children of testator are now deceased and that all left issue except the son Joseph, last above referred to, who left a widow him surviving, who is still alive, and who has become entitled for her life to one-third of the one-fifth share of income which was payable to her husband. It follows that no lawful provision of the trust exists to authorize the payment to anyone of the remaining two-thirds of the income which was payable to Joseph during his lifetime. That part of the income necessarily falls into the *corpus* so long as the trust continues, and the same will be true as to the one-third of the one-fifth at the decease of the widow of Joseph.

By the sixteenth paragraph of the will provision is made for distribution of parts of the *corpus* of the residuary estate to great grandchildren of testator in certain events; but those provisions are clearly invalid as contemplating an estate vesting after the decease of persons not necessarily in being at the death of testator.

The foregoing sufficiently defines the scope and operation of the lawful provisions of the trust.

A cross-bill has been filed in behalf of certain children of deceased children of testator demanding that the trustees be required to make partial distribution to them at this time of the *corpus* of the estate. Partial distribution is resisted by other beneficiaries.

It is pointed out in behalf of the beneficiaries seeking partial distribution of the *corpus* that they enjoy a reversionary equitable title to undivided shares of the *corpus,* and are also entitled to receive under the trust the net income for their respective lives of shares less in proportionate extent than their reversionary rights in the *corpus;* it is accordingly urged that these life rights to the income necessarily merge in the larger equitable reversionary rights in the *corpus* and entitle them to present complete enjoyment of those proportionate parts of the *corpus* on which they respectively receive the income.

I am unable to adopt that view. The legal title of the *corpus* is vested in the trustees for all lawful purposes of the trust. That intervening legal estate is operative to prevent the merger which is here suggested so long as the lawful purposes of the trust sustain its operation. That legal title of the entire *corpus* has been vested in the trustees by testator for purposes of active management of the entire *corpus* and the distribution of the proceeds therefrom in manner specifically directed by testator. In order to effectuate these lawful purposes of testator to their fullest possible extent that management must continue at this time, and the reversionary equitable estate in the *corpus* must remain in subservience to the legal title.

The suggestion has also been made that the rule against perpetuities will be violated because the trust will be continued as to some of the beneficiaries of the income for a period exceeding twenty-one years after the termination of the lives of the persons at whose decease and because of whose decease they became entitled to shares of the income is untenable. The period of a trust may lawfully extend to the decease of any designated person, or survivor of any number of designated persons, in being at the death of a testator, and, if so directed, twenty-one years thereafter. *Gray Per.* §§ *189, 190, 216.* The life of Mary A. Rue, accordingly, supports the continuance of this trust for the management of the entire *corpus* and the distribution of the income therefrom.

Where trust duties under a naked power of sale involve solely the conversion of real estate into personal property and the distribution of the proceeds, and the whole beneficial interest in the

land thus directed to be converted belongs to the person for whose use it is given, equity will not compel the trustee to execute the trust against the wishes of the *cestui que trust*, but will permit him to take the land, if he elect to do so before the conversion has actually been made. But, even in such case, where there are several *cestuis que trust*, while one may make an election which will be operative to effect a legal conversion of his interest he cannot, against the will of the others, exercise an election which will be effective to entitle him to receive his undivided share *in specie*. *Condict* v. *Condict*, 73 N. J. Eq. 301, 307; *Cronan* v. *Coll*, 69 N. J. Eq. 694. The reason appears to be that the remaining undivided shares may not sell so beneficially in proportion as if the estate were entire. *3 Lew. Trusts* 957. It is in like manner impossible to say that with a considerable portion of the *corpus* of this estate removed from the management of the trustees, the net income of the remaining portion will be as beneficial to the remaining beneficiaries as is the lesser but proportionate fractional part of the net income of the whole.

I will advise a decree in accordance with the views herein expressed.