# F. WILLIAM ORTMAN

## *vs.*

## HAMMOND J. DUGAN, Trustee, In Re, Ex Parte Trust Estate of Janet Levy, Deceased.

*Rule Against Perpetuities; time of vesting,—the point to be considered.*

In determining whether the limitations, upon which an estate depends, violate the Rule against Perpetuities, it is the time of the vesting of the estate, and not its duration after it has vested, that is to be considered.                    p. 124

Even vested trusts, if of unlimited duration, requiring the application of funds to continuing uses, and involving the performance of active fiduciary duties to that end, beyond the prescribed period, are void.                    p. 124

The application of the rule is to be determined, not by the process of looking back upon events actually transpired, in order to ascertain whether the specified contingency has in fact happened within the permitted time, but by looking forward from the time of the devise and considering whether, before the contingent event *might* have occurred, there might have elapsed a period of a life or lives then in being and twenty-one years and ten months additional.                    p. 124

Unless the contingent event was certain to happen within such a period, a devise dependent upon its occurrence is invalid.                    p. 125

*Decided January 18th, 1917.*

Appeal from the Circuit Court of Baltimore City. (Dawkins, J.)

The facts are stated in the opinion of the Court.

The cause was submitted to Boyd, C. J., Briscoe, Burke, Thomas, Pattison, Urner, Stockbridge and Constable, JJ.

*F. William Ortman* and *Spencer M. Clark,* submitted a brief for the appellant.

*Ferdinand C. Dugan,* submitted a brief for the appellee.

Constable, J., delivered the opinion of the Court.

This appeal involves the construction of the will of Thomason Russell, deceased, who died in the year 1871, by which Janet Levy, her daughter, was devised certain real property in remainder.

Hammond J. Dugan, trustee of the estate of Janet Levy, deceased, reported the sale of fee simple property, No. 904 West Franklin street, Baltimore City, to the appellant F. William Ortman, upon the theory that the title thereto became vested in the said Janet Levy under the fifth paragraph of the will of Thomason Russell, and by virtue of a deed from Louis Levy and others, the only children of the said Janet Levy to Janet Levy.

The fifth clause of the said will reads as follows:

"Fifth: I do devise to said William W. McClellan and his executors and administrators and heirs in trust and special confidence nevertheless for the sole and separate use for and during his life, of my son, William Russell, the house on the south side of Madison street, with its lot, now numbered 149, being the third house, west of Garden street, on said Madison street, and also the middle house with its lot of my

three houses on Franklin street west of Fremont street
and now numbered 375, in said city, and from and im-
mediately after the death of said William Russell then
to his issue *per stirpes and their heirs,* and it is my will
that on the said child or children of William attain-
ing the age of twenty-one years severally, he or she
shall then have the power of disposing of said child's
interest in said property by will or otherwise, but if
he, she or they should die without making such dis-
position and without leaving issue, then it is my will
that the same shall go to my daughter Jennette Levy,
under and for the trusts as set forth in article second
hereof, for and during her life, and from and imme-
diately after her death, then to her issue *per stirpes
and their heirs.*"

The said will contained a residuary clause devising all the
rest and residue of her property to all her children *per stirpes*
living at her death and their heirs.

The appellant filed exceptions to the ratification of the
sale on the ground that the trustee could not convey to him
a good and marketable title for the reason that the remainders
to Janet Levy and her issue and their heirs were invalid in
that they contravened the rule against perpetuities.

The admitted and conceded facts in the record show that
the will in question was executed in 1867. That the son,
William H. Russell died in 1911 and that he had had only
two children, both of whom had died before the said will was
executed. That all of the children of Thomason Russell were
now deceased, with the possible exception of one son, but
that there were descendants living of three of her children:
Jennette Levy is the same person as Janet Levy.

The lower Court overruled the exceptions and ratified and
confirmed the sale and it is from that decree that this appeal
is taken.

The question to be determined is whether the executory
devise in favor of Janet Levy for life and to her issue in
remainder is valid and effective or is void under the rule

against perpetuities. This limitation was made contingent upon the definite failure of issue of a child or children of William·Russell and upon the omission on the part of such child or children to exercise the power conferred upon them by the will to make a testamentary or other disposition of the property. In order that the estates limited upon this double contingency may be valid, according to the intent of the rule against perpetuities, they must have been certain to vest before the expiration of twenty-one years and ten months after the period of a life or lives in being when the will became operative. *Bowerman* v. *Taylor,* 126 Md. 203; *Gambrill* v. *Gambrill,* 122 Md. 563; *Graham* v. *Whitridge,* 99 Md. 248; *Heald* v. *Heald,* 56 Md. 300. It is the time of vesting of the estate, and not its duration after it has vested, that is to be considered upon the question as to whether the limitation upon which it depends is in conflict with the rule. But vested trusts of unlimited duration, requiring the application of funds to continuing uses, and involving the performance of active fiduciary duties to that end, beyond the period prescribed by the rule, have likewise been held to be perpetuities and consequently void. *Missionary Society* v. *Humphries,* 91 Md. 131; *American Colonization Society* v. *Soulsby,* 129 Md. 605; *Barnum* v. *Barnum,* 26 Md. 119. The application of the rule is not determined by the process of looking back upon events which have actually transpired to ascertain whether the specified contingency has in fact happened within the period which the rule allows, but by looking forward from the time of the devise and considering whether the contingent event *might* have occurred beyond the period of a life or lives then in being and twenty-one years and ten months additional. Unless the event was certain to happen within such a period of time, a devise dependent upon its occurrence is invalid.

In view of these established principles it is clear that the limitation here in question can not be sustained. It is made to depend upon a contingency which might readily have oc-

curred after the expiration of the period within which the rule against perpetuities permits the estate to be validly vested. Whether any child or children of William Russell, the first life beneficiary, would die without leaving issue and without disposing of his, her or their interest in the property, could not be determined until the end of a life or lives which were not in being at the death of the testatrix, and possibly more than twenty-one years after the death of the life tenant, William H. Russell.

The contingency, therefore, upon which the property was devised to Janet Levy for life and in remainder to her issue was not certain to happen, if at all, within the period defined by the rule against perpetuities, and there is hence no alternative but to hold the limitation to be ineffective.

> *Decree reversed and cause remanded, with costs to the appellant to be paid out of the estate.*