Argued March 8, affirmed May 31, 1921.

## IMBRIE v. HARTRAMPF.

(198 Pac. 521.)

**Wills—Intention of Testator Controls.**
1. In construing a will, if the intention of the testator can reasonably be ascertained, it controls the disposition of his property.

---

1. Rule that wills are to be more liberally construed than deeds, see note in Ann. Cas. 1913E, 1286.

**Wills—Devise With Condition Devisee Should not Sell or Encumber Before Certain Time Held to Pass Clear Title After Such Time.**

2. Testator devised to his son certain land subject to the restrictions that it should not be sold or mortgaged until he was 40 years old, nor be subject to his debts, that if he sold or mortgaged any part of it before that time all his interest should cease and the land descend to his children, if any, and, if not, to his brothers then living, the devise to be accepted in full payment of testator's indebtedness to devisee except $500, and an encumbrance on the land to be paid out of the estate. *Held*, in view of Sections 10121, 10124, Or. L., providing that the intent of testator shall control, that it was the intention of testator that devisee, after he reached 40, could dispose of the land at his pleasure, and that payment of the encumbrances from the estate indicated his intention to pass a clear title.

**Wills—Term "Heirs" or Other Words of Inheritance not Necessary to Create Estate in Fee Simple.**

· 3. Under Section 9847, Or. L., the term "heirs" or other words of inheritance are not necessary to create or convey an estate in fee simple.

**Wills—Estate in Fee Given in one Clause Cannot be Taken Away or Diminished by Subsequent Expression of Doubtful Import Repugnant Thereto.**

4. Where an estate in fee is given in one clause of a will in clear and explicit terms, the interest which the devisee thus obtains cannot be taken away or diminished by any subsequent vague or general expression of doubtful import, or by any inference deducible therefrom that may be repugnant to the estate given.

**Wills—"Executory Devise" Defined.**

5. An "executory devise" is a future estate or interest in lands created by will, and limited so that it cannot take effect as a remainder or a future use, which does not vest at the death of the testator, but only on the happening of some future contingent event, can be created without the intervention of a preceding estate, and may be limited after a fee.

**Perpetuities—Executory Devise, to Take Effect Only upon Indefinite Failure of Issue, is Void Under Rule Against Perpetuities.**

6. An executory devise, to take effect only upon an indefinite failure of issue, is void under the rule as to perpetuities, for an executory interest, to be valid, must take effect within the life or lives of those in being, and within 21 years thereafter, with the usual period of gestation added.

**Wills—Devise of Fee Over if Devisee "Die Without Issue," Means Dying Without Issue in Lifetime of Testator.**

7. A devise of a fee, with a condition that if the devisee "die without issue" the estate is to go to others, means dying without

---

2. Validity of devise with limited or partial restraint on alienation, see notes in 7 Ann. Cas. 319; Ann. Cas. 1912C, 1329.

6. Validity of devise over limited upon indefinite failure of issue, see note in 6 Ann. Cas. 648.

issue in the lifetime of the testator, unless a different intention is manifest from the context of the will.

### Wills—Subsequent Paragraph of Will Held not to Debase Fee Granted Devisee in Earlier Paragraph.

8. Testator devised to a son in one paragraph of his will certain land subject to the restriction that it should not be sold or mortgaged until devisee was 40 years of age, nor be subject to his debts, that if he sold or mortgaged any part of it before such time all his interest therein should cease and the land descend to his children, if any, and, if not, to all his brothers then living, the devise to be accepted and received in full payment of testator's indebtedness to devisee, except $500, and the encumbrance upon the land to be paid out of the testator's estate. In another paragraph of the will testator directed that should any of the devisees named in the will die without leaving lineal descendants, children or grandchildren, all of the property devised to such devisee should go in equal shares to his brothers and sisters then living, or to the children of any brother or sister then deceased. *Held,* that the latter provision did not debase the fee-simple title which passed to the son after he attained the age of 40 years without violating any of the restrictions in the earlier paragraph of the will. (Per BEAN and JOHNS, JJ.)

### Remainders—No Remainder upon Estate in Fee Simple or Determinable Fee.

9. There can be no remainder upon an estate in fee simple or upon a determinable fee, for the reason that by disposing of such an estate one divests himself of all his interest, and has no estate to transfer.

### Wills—Executory Devise of Fee-simple Estate cannot be Defeated or Lessened by Uncertain Clause in Another Portion of Will.

10. An executory devise being for the purpose of carrying out the wish of a testator, no technical, indefinite or uncertain clause in a subsequent paragraph of the will should be construed to defeat or lessen the plain devise of an estate in fee simple, made in an earlier clause of the will.

### Wills—Devise Over on Death Without Children Held to Take Effect Whether the Death is Before or After the Death of Testator.

11. When a devise is made to one person in fee and upon his death to another in fee, and the death of the first taker is coupled with other circumstances which may or may not ever take place, as death under age or without children, the devise over, unless controlled by other provisions of the will, takes effect according to the ordinary and literal meaning of the words, upon the death of the devisee, under the circumstances indicated, at any time, whether before or after the death of the testator.

### Equity—Complaint Taken as True on Demurrer.

12. All averments of a complaint must be taken as true when considered upon demurrer.

From Washington: GEORGE R. BAGLEY, Judge.

Department 2.

The purpose of this suit is to enforce specific performance of a contract under which the plaintiff agreed to sell, and the defendant agreed to purchase, 166 acres of land situated in Washington County, Oregon. The contract expressly provides that in the event the plaintiff is unable to convey a marketable title in fee simple to the premises, free from all encumbrances, then the defendant is relieved from making payment for the land.

The defendant has refused to perform the contract and to make payment of the purchase price of the land, upon the sole ground that plaintiff's title is not marketable. The complaint fully sets forth all facts upon which the defendant's objections to the title are based. The defendant interposed a demurrer to the complaint, which was overruled. Defendant refusing to plead further, a decree was passed in favor of plaintiff. Defendant appealed.

The defendant has no disposition to evade the performance of his contract, and is in fact anxious to effect a purchase of the property upon the basis of the contract, provided the plaintiff is able to convey unto him a marketable title. The land, title to which is in controversy, was owned by Robert Imbrie, in fee simple, and free from all encumbrances at the time of his death, which occurred on January 5, 1897. The defendant raises no question as to the validity of the title of Robert Imbrie, the ancestor of the plaintiff, under whom plaintiff claims to have derived title. Robert Imbrie left a will which was duly admitted to probate, and the estate was regularly closed. By the third paragraph of the will he bequeaths and devises

certain property to James A. Imbrie. By the fourth paragraph he gives to two of his daughters certain sums of money. By the fifth, to his children Lizzie Freeman and Ella Williams certain sums of money. In the sixth he bequeaths certain property to James A. Imbrie. Paragraph 7 of the will is as follows:

"I give, bequeath and devise, to my son Ralph Imbrie, all the land that I now own in and being a part of the Donation Land Claim of Caleb Wilkins and wife, and being the tract of land purchased by me from William L. Wilkins, and being in Township 1 North, Range 2 West, Will. Mer., in Washington County, Oregon, subject to the following restrictions, to-wit: Said land shall not in whole or part be sold or mortgaged until the said Ralph Imbrie is forty years of age, nor subject to his debts and should he sell or mortgage it, or any part of it, before that time, all his interest in said land shall cease and terminate, and said land shall descend to his children, if he then have any, and if not, then to all his brothers then living. This devise to be accepted and received by him in full of any indebtedness to him, except five hundred dollars. The encumbrance upon his land to be paid out of my estate."

In the eighth paragraph of the will he devises to his son, James A. Imbrie, in fee simple a tract of land. By the ninth he devises to his son, T. R. Imbrie, in fee simple a certain tract of land. By the tenth paragraph he gives, bequeaths and devises all of the rest, residue and remainder of his property, real and mixed, to all of his children or to the children of any deceased child. Paragraph 12 of the will is as follows:

"I further bequeath, devise and direct that should any of the above named devisees die without leaving lineal descendants, children or grandchildren, then in that case, all of the property above devised to such devisee shall go in equal shares to his or her brothers

and sisters then living, or to the children of any brother or sister then deceased, by right of representation.''

The plaintiff did not, either in whole or in part, sell or mortgage said real property prior to arriving at the age of forty years, nor permit the same to become subject to his debts. On and prior to January 29, 1920, the plaintiff secured deeds of conveyances from all of the children and grandchildren of Robert Imbrie, deceased, of all their interest in the land, except a conveyance from plaintiff's own child, who is a minor.                                          Affirmed.

For appellants there was a brief with oral arguments by *Mr. M. B. Bump* and *Mr. D. D. Bump.*

For respondent there was a brief over the name of *Messrs. Hare, McAlear & Peters,* with an oral argument by *Mr. W. G. Hare.*

BEAN, J.—This controversy arises out of the construction of paragraphs 7 and 12 of the will, and as to the estate or interest in the real property thereby devised to the plaintiff. It is the contention of the defendant that the provisions of the paragraphs of the will referred to vested in plaintiff only a life estate with the remainder over to his children or grandchildren living at the time of his death; and in case he died "without leaving lineal descendants, children or grandchildren," then in such case only does title to the property pass to the brothers and sisters.

1. It is a cardinal principle of law that in construing a will the intention of the testator is the guide. If such intention can reasonably be ascertained it controls the disposition of his property: *Jasper* v. *Jasper,* 17 Or. 590 (22 Pac. 152); *Love* v. *Walker,* 59 Or.

95, 107 (115 Pac. 296); *Kaser* v. *Kaser,* 68 Or. 157 (137 Pac. 187); *Beakey* v. *Knutson,* 90 Or. 574 (174 Pac. 1149, 177 Pac. 955).

2, 3. By paragraph 7 of the will, Robert Imbrie devised to his son, the plaintiff Ralph Imbrie, the land in question, subject to the restrictions that the real estate should not be sold or mortgaged until Ralph Imbrie was 40 years of age, nor be subject to his debts. If he had sold or mortgaged any part of it, all his interest in the land would have ceased and the land would have descended to his children, if he had any, and if not then to all his brothers then living. This paragraph of the will provided that this devise was to be accepted and received in full payment of the indebtedness of the testator to Ralph Imbrie, except $500. The encumbrance upon his land was to be paid out of the testator's estate. Had it been the intention of the testator to devise a life estate to his son Ralph Imbrie, it would have been the most natural thing for whoever drafted the will to have used the words "during his natural life," or words of like import. A devise of real property is deemed to be a gift of all of the testator's estate in the premises devised "unless it clearly appears from the will that he intended to devise a less estate or interest": Section 10121, Or. L. Section 10124, Or. L., provides that—

"All courts and others concerned in the execution of last wills shall have due regard to the directions of the will and the true interests (intent) and meaning of the testator in all matters brought before them."

The provision of the will that Ralph Imbrie should not sell or mortgage the land until he became 40 years of age clearly indicates that after that time he could dispose of it at his pleasure. The provision

for the payment of the encumbrances on the land from the estate indicates that it was the intention of the testator to pass a clear title to his son. The specifications indicate that no other restrictions upon the title were intended by the testator. The language of the will in question is entirely different from that used in the will construed in *Love* v. *Walker,* 59 Or. 95, 107 (115 Pac. 296), and *Love* v. *Linstead,* 76 Or. 66 (147 Pac. 935, Ann. Cas. 1917A, 898), cited and relied on by defendant. In this state the term "heirs," or other words of inheritance, are not necessary to create or convey an estate in fee simple: Section 9487, Or. L.

It is clear that by the seventh paragraph of the will Robert Imbrie devised the land to his son, Ralph Imbrie, in fee, subject to certain restrictions enumerated in that part of the will. Applying the maxim, *expressio unius est exclusio alterius,* it would not occur to one by the reading of the will, when taking it by its four corners, that it was the intention of the testator to include or apply other restrictions or limitations to take effect after his decease. Under any suggested construction of the will when taking into consideration paragraph 12, the estate devised to Ralph Imbrie may last forever, as he may not "die without leaving lineal descendants, children or grandchildren." Therefore, it is safe to start with the premise that Ralph's estate is a fee.

4. It is a well-established rule that where an estate in fee is given in one clause of a will in clear and explicit terms, the interest which the devisee thus obtains in the land cannot be taken away or diminished, by any subsequent vague or general expression of doubtful import, or by any inference deducible therefrom, that may be repugnant to the estate given:

*Irvine* v. *Irvine,* 69 Or. 187, 190 (136 Pac. 18); *Roberts* v. *Roberts,* 140 Ill. 345 (29 N. E. 886); *Meacham* v. *Graham,* 98 Tenn. 190 (39 S. W. 12); 2 Underhill on Wills, § 689; 2 Alexander, Com. on Wills, § 931.

It is noticed that by the provisions of paragraph 7, the devise to Ralph was conditioned upon its being accepted and received by him in full of the testator's indebtedness to him, with the exception of $500. While the amount of the indebtedness is not disclosed by the record, it would not seem that the father in the liberal disposition of his bounty to his son, as manifested by the will, would devise a title in fee to land for a consideration in one part of the will and take it away or diminish the title, debase the fee as it is usually termed, in another part. It would be inequitable for him to attempt to do so, and a construction of the will which would effectuate such a result would be antagonistic to the intention of the testator, according to the language of his testament. As well said by Mr. Justice Burnett, in *Bilyeu* v. *Crouch,* 96 Or. 66 (189 Pac. 222), "No will has a twin brother." It might be said that on this account, the precedents which we find for enlightenment, do not appear to belong to the same family. It is seldom that one undertakes to reconcile the divergent judicial decisions. No such effort will here be made.

It is stated in 21 C. J., page 995, Section 149, as follows:

"The tendency of modern decisions on questions of contingent and vested remainders has been more and more to break away from the technical refinements of the old common-law learning, and to allow deeds and wills to be effective in line with the intent of their faces, as gathered from the everyday good sense of their language."

We quote from 10 R. C. L., page 651, Section 7:

"Since an estate in fee simple implies absolute sovereignty over the land, the power of alienation is necessarily and inseparably incidental thereto, and an unlimited condition in restraint of alienation attached to such an estate is void. The estate is subject to dower and curtesy; and it is descendible to the heirs general, whether male or female, lineal or collateral."

Nevertheless the question is submitted as to whether or not the language of paragraph 12 of the will clearly shows an unmistakable intention on the part of the testator to diminish the estate of Ralph Imbrie, or debase the fee advised by the terms of paragraph 7. It is believed that the question should be answered in the negative.

5. It is suggested by the provisions of the twelfth paragraph of the will the estate of Ralph Imbrie may end if he should die without lineal descendants, children or grandchildren, and therefore it is a determinable or qualified fee, with a gift over in the nature of an executory devise in favor of his brothers and sisters and their children.

An executory devise is defined as a future estate or interest in lands created by will and limited so that it cannot take effect as a remainder or a future use. It does not vest at the death of the testator, but only on the happening of some future contingent event. It is such a limitation of a future estate or interest in lands as the law admits in the case of a will, though contrary to the rules of limitations regarding conveyances at common law. It can be created without the intervention of a preceding estate, and it may be limited after a fee: 2 Alexander on Wills, § 1017. This kind of an estate or interest, it is declared, was instituted to support the will of the testator in cases where by the rules of law the devise of a future estate

could not operate as a remainder, as in case of a remainder after a fee which, although not good as a remainder, is valid as an executory devise: 4 Kent's Com. *269.

6. An executory devise to take effect only upon an ·indefinite failure of issue is void under the rule as to perpetuities, for an executory interest, in order to be valid, must take effect within the life or lives of those in being, and within 21 years thereafter, with the usual period of gestation added.

7. There appears to be a distinction between a case where a life estate is devised with a remainder over in case the devisee die without issue, and where an estate is devised or conveyed in fee with a gift over upon the proviso that the grantee die without heirs. It is stated in *Love* v. *Walker*, 59 Or. 95, at page 107 (115 Pac. 296, at page 301):

"The rule of construction prevailing in most states of the Union is that a devise of a fee, coupled with a condition that if the devisee die without issue the estate is to go to others, means dying without issue in the lifetime of the testator, unless a different intention is manifest from the context of the will. 'The presumption that the contingency of dying without issue,' says the author of the exhaustive note to the case of *Lumpkin* v. *Lumpkin*, 25 L. R. A. (N. S.) 1063, 1064, 'is to be restricted to testator's lifetime being fundamentally limited to cases where an absolute gift is made to the first taker, in express terms or by implication, is not applicable where the gift is clearly of a less interest.' "

Turning to the foundation of that enunciation, 25 L. R. A. (N. S.) 1059 et seq., we find among numerous authorities cited in the notes the following on page 1060:

"It is well settled that where the terms of the will indicate an intention that the primary devisee shall

take the fee on the death of the testator, coupled with a devise over in case of his death without issue, the words refer to a death without issue during the life of the testator; and where the primary devisee, surviving the testator, takes an absolute estate in fee simple, this rule of construction is adopted in order to avoid repugnancy, and because the law favors the vesting of estates at the earliest possible moment, in the absence of a clear manifestation of the intention of the testator to the contrary: *Tarvell* v. *Smith,* 125 Iowa, 388 (101 N. W. 118).

"Where a bequest is direct and immediate, and nothing else appears to aid in the interpretation, the law inclines to construe 'die without issue' as meaning the death of the legatee without issue in the testator's lifetime: *Birney* v. *Richardson,* 5 Dana (Ky.), 424. * *

"So, also, in *Washbon* v. *Cope,* 144 N. Y. 287 (39 N. E. 388), it is said that the rule is well settled that where a devise or bequest over to third persons is dependent upon death without issue or without children, the death referred to is death in the lifetime of the testator."

8. The fact that our Code is closely related to those in the states of Iowa and New York lends weight to the opinions in those states. In the present case, instead of the language of the will, other than that in paragraph 12, manifesting an intention of the testator to devise an estate less than that of fee simple, the expression of the will of the devisor is to the contrary as we have noted.

We therefore conclude that the proviso that in the event Ralph Imbrie should "die without leaving lineal descendants, children or grandchildren," etc., was not inserted in the memorandum of the testator with the intention of debasing the fee devised to Ralph Imbrie, or indicating that Robert Imbrie proposed to give to this son an estate less than an absolute fee

simple after he attained the age of 40 years without violating any of the restrictions embodied in paragraph 7.

It is no doubt the rule that where an estate otherwise than an absolute estate in fee simple is devised in one portion of a will, in clear and decisive terms, and the subsequent provisions clearly show an unmistakable intention on the part of the testator to give an estate less than an indefeasible fee simple, such latter intention must control: 2 Alexander on Wills, p. 1363, § 933. In considering the will in question we do not find such unmistakable intention indicated on the part of the testator.

9. There can be no remainder upon an estate in fee simple for the reason that, by disposing of such an estate, one divests himself of all interest in the land and has no estate to transfer to another. For the same reason there can be no remainder upon a determinable fee: 1 Tiffany on Real Property, 481; 21 C. J., p. 1024, §§ 205 and 206.

10. The very reason of the institution of an executory devise being for the purpose of carrying out the wish of a testator, it should not be transformed into an instrument serving the purpose to defeat such will. No technical, indefinite or uncertain clause in paragraph 12 of the will should be construed to defeat or lessen the plain devise made by the testator in the seventh clause of the will. Plaintiff Ralph Imbrie, by virtue of his father's will, took an absolute title in fee simple to the real estate described: *Love* v. *Walker,* 59 Or. 95 (115 Pac. 296); *Rowland* v. *Warren,* 10 Or. 29; *Bilyeu* v. *Crouch,* 96 Or. 66 (189 Pac. 222); *Love* v. *Lindstedt,* 76 Or. 66 (147 Pac. 935, Ann. Cas. 1917A, 898).

11. In *Britton* v. *Thornton,* 112 U. S. 526, 532 (28 L. Ed. 816, 5 Sup. Ct. Rep. 291, 294, see, also, Rose's U. S. Notes), quoted from with approval in *Bilyeu* v. *Crouch, supra,* we find this statement of the law:

"When indeed a devise is made to one person in fee, and 'in case of his death' to another in fee, the absurdity of speaking of the one event which is sure to occur to all living as uncertain and contingent has led the courts to interpret the devise over a referring only to death in the testator's lifetime. * * But when the death of the first taker is coupled with other circumstances which may or may not ever take place, as, for instance, death under age or without children, the devise over, unless controlled by other provisions of the will, takes effect, according to the ordinary and literal meaning of the words, upon death, under the circumstances indicated at any time, whether before or after the death of the testator."

Applying this excerpt to the present case, upon an analysis of the entire will, we think that the provisions of the will, other than those embraced in paragraph 12, control and clearly express the desire of the testator in bestowing his bounty. Whatever road we travel, and view as many precedents as we may, we necessarily come back to the language found in the testamentary instrument.

The minor child of plaintiff has no interest in the real property in question. The time is past for the happening of the event detailed in the seventh paragraph of the will. Ralph Imbrie did not sell or encumber the land prior to his arriving at the age of 40 years, so that his interest in the real property would cease and the land go to his children by virtue of the will.

12. From the averments of the complaint, which must be taken as true when considered upon demur-

rer, plaintiff has a marketable title to the land in question.

The decree of the lower court is therefore affirmed.

AFFIRMED.

JOHNS, J., concurs.

BROWN, J., concurs in result.

BURNETT, C. J., Specially Concurring in the Result.—This is a suit by the seller to enforce specific performance of a contract whereby the defendant agreed to buy certain lands, provided the plaintiff had a fee-simple title thereto. The plaintiff derives title under the will of his father, Robert Imbrie, who died January 5, 1897. Other clauses of the testament devise lands to the sons of the testator in fee, but the title of the plaintiff depends upon and is affected by two clauses, the seventh and the twelfth. The seventh reads thus:

"I give, bequeath and devise to my son, Ralph Imbrie, all the land that I now own in and being a part of the donation land claim of Caleb Wilkins and wife, * * subject to the following restrictions, to-wit: said land shall not in whole or part be sold or mortgaged until the said Ralph Imbrie is forty years of age, nor subject to his debts and should he sell or mortgage it, or any part of it, before that time, all his interest in said land shall cease and terminate, and said land shall descend to his children, if he then have any, and if not, then to all his brothers then living. This devise to be accepted and received by him in full of my indebtedness to him, except five hundred dollars. The incumbrance upon his land to be paid out of my estate."

The twelfth clause here follows:

"I further bequeath, devise and direct that should any of the above named devisees die without leaving lineal descendants, children or grandchildren, then, in

that case, all of the property above devised to such devisee shall go in equal shares to his or her brothers and sisters then living, or to the children of any brother or sister then deceased, by right of representation."

The complaint states that the plaintiff became 40 years of age on October 8, 1916, and prior to that time did not sell the realty in whole or in part, or mortgage the same or permit it to become subject to his debts. The pleading also recites the names of the children of Robert Imbrie, the testator, then living and one daughter dead, survived by her two children, gives the names of all the grandchildren of the testator, and avers that on January 29, 1920, all the brothers and sisters of the plaintiff then living and all their children and the children of the deceased sister, naming all of them, conveyed to him all their right, title and interest in the property by deeds of conveyance duly executed, acknowledged, delivered and recorded. He states that he himself has one child, Gladys Imbrie, a minor, born after the death of the testator. Upon this narration of facts, claiming he has no plain, speedy or adequate remedy at law, he prays for a decree to the effect that his title be adjudged a marketable one and that the defendant be compelled specifically to perform the contract; together with other and further relief as may seem equitable.

The sole defense interposed is a general demurrer to the complaint, which being overruled, the defendant refused to answer further; whereupon the court rendered a decree according to the prayer of the complaint, and the defendant has appealed.

It is conceded that the testator had the fee-simple title absolute to the land, hence the question to be determined is, whether or not the plaintiff Ralph

Imbrie has the same title, that being the estate which he contracted to convey. The devising words in the seventh clause are sufficient to pass to Ralph that interest in the land, although neither the word "heirs" nor the words "fee simple" appear in the will. Although at common law, in a conveyance it was requisite to the creation of a fee-simple estate that it run to the grantee and his heirs, yet even then the words "fee simple" and "heirs" were not necessary in a will devising real property to a devisee: 2 Blackstone, 108. In Oregon the rule is settled by statute, to the effect that—

"A devise of real property shall be deemed and taken as a devise of all the estate or interest of the testator therein subject to his disposal, unless it clearly appears from the will that he intended to devise a less estate or interest": Section 10121, Or. L.

It is admitted that all of the conditions in the seventh clause restraining the alienation of the land until Ralph is 40 years of age have been fulfilled. Without regard, therefore, to the question, academic here, of whether this condition is void as a restraint upon alienation, under the authority of *Hawley* v. *Northampton,* 8 Mass. 3 (5 Am. Dec. 66), and many other precedents, or whether it is fulfilled, the question to be determined is: What effect has the twelfth clause of the will on the estate of Ralph? We note that the entire fee-simple estate passed out of the testator by virtue of his will and succeeding death. There is no remainder to anyone by virtue of that devise. The case does not involve either vested or contingent remainders. The whole estate went to Ralph Imbrie with the conditional limitation laid down in the twelfth clause.

It is impossible by deed to convey a fee-simple title to one, and in the same conveyance to limit the same

fee simple to another. The conveyance would contradict itself. In wills, however, a fee-simple estate may be devised and on certain conditions the identical fee may be limited to another individual. This would be good as an executory devise. This executory devise, however, must be one that is recognized by the law. Its conditions must conform to public policy. In other words, since the testator has devised a fee-simple estate to Ralph, if the former would limit this estate and divert it in the future to someone else, it must be by a lawful limitation. At common law the effort of landed proprietors was to perpetuate their holdings throughout the successive generations of their families. The effort of the king and courts was to break down these perpetuities and make the land alienable within certain reasonable conditions. The result was, that the common-law rule provides that the limitation to be worked out by executory devise must not extend the perpetuation of the estate beyond a life or lives in existence at the time the will takes effect at the death of the testator, plus the period of twenty-one years with nine months, as the period of gestation, added. As stated by Mr. Chief Justice PARKER in *Hawley* v. *Northampton,* 8 Mass. 3 (5 Am. Dec. 66), the limitation of twenty-one years was to meet the case of a minor, and that of nine months was to let in a child yet unborn. The weight of authority is, that the mention of this fractional year was superfluous, for the reason that, if it be to his interest, a child *en ventre sa mere* is deemed to be living at the time the will takes effect.

Another principle to be observed is thus expressed in 21 R. C. L. 289:

"In enforcing the rule against perpetuities, it is a firmly established principle that every future limitation of an estate is void as too remote unless it is

apparent that it must take effect and vest, if at all, within the period allowed by the rule. * * Thus, where a breach of condition on which a limitation depends, if it occurs at all, must occur within the period allowed by the rule, it will be upheld. It is not sufficient that the future estate may by possibility become vested within the period allowed by the rule against perpetuities or even that it will probably become vested in such period. If it may possibly happen beyond the established time limits or if there is left any room for uncertainty or doubt on the point, the limitation is void. If a future limitation may not by possibility take effect within the prescribed period it cannot be made good by subsequent events. In other words, the validity of the future estates under the rule against perpetuities depends not on what actually happens after the time at which the rights of the parties are fixed, but on what may happen as viewed at the time when the deed or will creating them takes effect. Thus, it makes no difference that one to whom a future interest is given happens to be born within the period allowed by the rule if he might have been born beyond that period."

A leading case on perpetuities is *Brattle Square Church* v. *Grant,* 3 Gray (Mass.), 142 (63 Am. Dec. 725). The syllabus of that case reads thus:

"A limitation, by way of executory devise, which may possibly not take effect within the term of a life or lives in being at the death of the testator, and twenty-one years (adding in case of a child *en ventre sa mere,* about nine months) afterwards, is void, as too remote, and tending to create a perpetuity. A devise, subject to a conditional limitation void for remoteness vests an absolute estate in the first taker."

In the exhaustively reasoned case of *Moody* v. *Walker,* 3 Ark. 147, 190, the rule is thus stated:

"An executory devise cannot be barred by fine or a common recovery, and therefore to prevent perpetuity, it became necessary to prescribe bounds and limits beyond which it should not extend. The time

to which they were limited was definitely settled in
*Stephens* v. *Stephens* and that decision received the
sanction of the court of chancery and of the judges
of the king's bench.   According to the resolution of
that case the devise over must vest within the com-
pass of a life or lives in being and twenty-one years
and nine months thereafter.   But should an executory
devise be not limited to an event within the prescribed
period of time mentioned, as upon an indefinite fail-
ure of issue, it was void by reason of its remoteness,
as favoring the doctrine of entailed estates and
thereby creating perpetuities.   'It is of no import-
ance how the fact turns out to be; it is void at the
commencement if the event on which its existence de-
pends may, by possibility, extend beyond the duration
of the time prescribed': 6 Cruise, title 'Devise,' 32,
Chap. 17."

In *Lawrence's Estate,* 136 Pa. St. 354 (20 Atl. 521,
11 L. R. A. 85, 20 Am. St. Rep. 925), it is said that no
interest subject to a condition precedent is good, un-
less the condition must be fulfilled, if at all, within
twenty-one years after some life in being at the
creation of the interest.   In *Barnum* v. *Barnum,* 26
Md. 119 (90 Am. Dec. 88), it was decided that:

"An estate so limited that it may by possibility ex-
tend beyond life or lives in being at the time of its
commencement, and twenty-one years and a fraction
of a year (to cover the period of gestation) after-
wards, during which time the property would be with-
drawn from the market or the power over the fee
suspended, is a perpetuity, and void as against the
policy of the law, which will not permit the property
to be inalienable for a longer period."

In *Graham* v. *Whitridge,* 99 Md. 248 (57 Atl. 609,
58 Atl. 36, 66 L. R. A. 408), the principle is thus
enunciated:

"If the contingency upon the happening of which
the remainders over * * are to vest is one that might
or might not happen during a life or lives in being at

the time of the death of the testator and twenty-one years and a fraction of a year in addition, then the condition is too remote and the remainders fail to take effect. In determining this question of remoteness it is an invariable principle that regard is to be had to possible and not merely actual events. It is not determined by looking back on events which have occurred and seeing whether the estate has extended beyond the prescribed limit, but by looking forward from the time the limitation was made and seeing whether according to its terms there was then a possibility that it might so extend. The event upon the happening of which the remainder is to vest must be one that is certain to happen within the prescribed period or the limitation will be had.''

The court there, speaking of remainders, said the same rule already mentioned respecting remainders applies to executory devises: See, also, *Andrews* v. *Lincoln,* 95 Me. 541 (50 Atl. 898, 56 L. R. A. 103); *Wells* v. *Heath,* 10 Gray (Mass.), 17; *Coggins' Appeal,* 124 Pa. 10 (16 Atl. 579, 10 Am. St. Rep. 565); *Lasnier* v. *Martin,* 102 Kan. 551 (171 Pac. 645); *Minot* v. *Paine,* 230 Mass. 514 (120 N. E. 167, 1 A. L. R. 365); *Hopkinson* v. *Swain,* 284 Ill. 11 (119 N. E. 985); *Ortman* v. *Dugan,* 130 Md. 121 (100 Atl. 82); *Moroney* v. *Haas,* 277 Ill. 467 (115 N. E. 648); *Taylor* v. *Crosson,* 11 Del. Ch. 145 (98 Atl. 375); *Riley* v. *Jaeger* (Mo.), 189 S. W. 1168; *Overby* v. *Scarborough,* 145 Ga. 875 (90 S. E. 67); *Camden etc. Trust Co.* v. *Guerin,* 87 N. J. Eq. 72 (99 Atl. 105); *O'Hare* v. *Johnston,* 273 Ill. 458 (113 N. E. 127); *Harmon* v. *Harmon,* 80 Conn. 44 (66 Atl. 771); *Shepperd* v. *Fisher,* 206 Mo. 208 (103 S. W. 989); *Bartlett* v. *Sears,* 81 Conn. 84 (70 Atl. 33); *Haydon* v. *Layton* (Ky.), 128 S. W. 90; *Starr* v. *Minister,* 112 Md. 171 (76 Atl. 595); *Hewitt* v. *Green,* 77 N. J. Eq. 345 (77 Atl. 25); *Gambrill* v. *Gambrill,* 122 Md. 563 (89 Atl. 1094); *Hollan-*

100 Or.—39

*der* v. *Central etc. Co.,* 109 Md. 131 (71 Atl. 442, 23 L. R. A. (N. S.) 1135); *Hays* v. *Martz,* 173 Ind. 279 (89 N. E. 303, 90 N. E. 309); *Dime Savings Trust Co.* v. *Watson,* 254 Ill. 419 (98 N. E. 777).

With these principles in mind, let us advert to the conditions described in the complaint. We remember that Ralph's father, the testator, died on January 5, 1897, and that Ralph's daughter, Gladys, yet a minor, was born after the death of the testator. As to Ralph's devise, his own was the only life in being at the death of his father. Yet the estate to be taken under the executory devise by Ralph's brothers and sisters is made by the twelfth clause of the will to depend on possibly three lives: First, Ralph's; second, that of his yet unborn daughter; and third, that of her potential child or children; for this twelfth clause makes the estate of the brothers and sisters to depend upon the conditional limitation that Ralph shall die without leaving lineal descendants, children or grandchildren. Contrary to the law, the testator essayed to control the devolution of his property through and beyond two generations yet unborn. In other words, it is possible that grandchildren be born to Ralph; that he survive both them and his own children and that he then die "without leaving lineal descendants, children or grandchildren." Extending, as possibly it may, over three lives, two of which in succession were not in being when the will took effect, January 5, 1897, the conditional limitation by way of executory devise which was designed to defeat Ralph's fee and pass it to his collateral kindred is void within the rule against perpetuities. The result is that since there is no valid restriction now operative on the estate given to him by the seventh clause of the will, Ralph has a fee-simple absolute in the property mentioned. His title is therefore marketable. There is

no excuse shown on the pleading to relieve the defendant from performing his contract. The decree of the Circuit Court should therefore be affirmed.