Argued January 28, affirmed March 3, 1925.

## JULIA DOUGLAS RICHEY *v.* MYRTLE JANE HALEY ET AL.

### (233 Pac. 567.)

**Quieting Title—Failure to Allege That Land was not in Possession of Another or That Plaintiff Claimed Any Interest Therein Held Fatal.**

1. In suit to quiet title under Section 516, Or. L., to land not in actual possession of another, failure to allege that land was not in possession of another or that plaintiff had or claimed to have any interest or estate in the property was fatal.

**Wills—Estate of Life Tenant Held not Affected by Contingency on Which Executory Devise to Others was Predicated.**

2. Will by which testator devised a life estate in his property to his wife and remainder to his son, and provided that, if the son

---

1. See 5 R. C. L. 670.
2. See 28 R. C. L. 238.

should die without issue before death of wife, property was to be sold, and proceeds divided among third parties, constituted an executory devise as to such third parties, and death of son without issue during lifetime of the wife did not operate to vest any interest in her beyond life estate she already had.

**Courts—County Probate Court has Exclusive Jurisdiction Over Probate of Estates.**

3. County Court has exclusive jurisdiction over all matters of probate and settlement of estates.

See (1) 32 Cyc. 1350, 1352.   (2) 40 Cyc. 1613.   (3) 15 C. J. 1004.

From Clackamas: J. U. CAMPBELL, Judge.

Department 1.

'AFFIRMED.

For appellant there was a brief over the names of *Mr. Grant B. Dimick* and *Mr. W. L. Mulvey*, with oral arguments by *Mr. J. B. Hedges* and *Mr. Mulvey*.

For respondents there was a brief and oral argument by *Mr. Charles T. Sievers*.

BURNETT, J.—This is a suit to quiet title to real property in Clackamas County. The contention arises out of the construction of the last will and testament of one Ulrich Aemisegger. Omitting the caption and other formal parts of the will, that document reads as follows: .

"First. I give and bequeath unto my beloved wife, Julia Douglass Aemisegger all of my personal property except as hereinafter stated.

"Second. I give devise and bequeath unto my beloved wife Julia Douglass Aemisegger (the land in question by apt description) for and during her natural life.

"Third. I direct that my mother Elsbeth Aemisegger, shall have a home upon the above described property, and in my house and free access to every

3.   See 28 R. C. L. 362.

part thereof during her natural life, and that she shall be well and comfortably provided with a separate room for her individual use, good and sufficient food and clothing, medical attendance when sick, and nurses provided and all of the above shall be without expense to her and shall be paid for out of my estate.

"Fourth. I give and bequeath unto my son, John Matthew Aemisegger, my gold watch and chain, and direct that it be given to him upon his sixteenth birthday.

"Fifth. I give and devise and bequeath unto my said son John Matthew Aemisegger the above described property subject to the life estate of his mother, Julia Douglass Aemisegger.

"Sixth. If my said son should die without issue before my wife dies, upon her death I direct that said above described property shall be sold (my said mother Elsbeth Aemisegger if she be then living to have a life estate in the said property) to the highest bidder at public auction, and after all expenses are paid the proceeds of said sale shall be divided into three equal parts as follows, to wit:

"One-third to be given to my niece, Myrtle Jane Hoffmeister; one-third to be given to the High School nearest to my said property in Clackamas County, Oregon, and to be expended for books and library, and all books so purchased to bear the inscription of Ulrich Aemisegger, to show by whom they were donated; one-third to be turned over to the trustees of the Damascus Cemetery Association in Clackamas County, Oregon; three hundred dollars to be set aside to be expended by said trustees on my family lot in said Cemetery and to be judiciously used in keeping said lot in good condition.. No trees to be planted therein and the remainder of the said one-third to be expended by said trustees in the purchase of a first-class monument for the testator herein, and to have a suitable inscription such as in the judgment of the said trustees will be appropriate.

"Lastly. I nominate and appoint my wife, Julia Douglas Aemisegger, executrix of this my last Will and Testament and direct that she act as such executrix without bonds."

The plaintiff was the widow of the testator and the executrix of his last will, and since his death has married again. She brings suit against Myrtle Jane Haley, formerly Myrtle Jane Hoffmeister, the niece of the testator named in his will, and the Damascus Cemetery Association, also mentioned therein. The complaint recited the marital relation of the testator and the plaintiff during his lifetime and states that he was the owner of the property in question; that they were living together on the same, with their young son John Matthew Aemisegger, then about four years of age, in July, 1905, and that with them was then living the mother of the testator. According to the complaint, the will was dated July 29, 1905, and the testator died November 5th of that year leaving as stated therein, as his only heirs at law, the plaintiff, his widow, his minor son, and his mother, all of whom resided on the real property at that time. In general terms, the complaint relates the probate of the will and administration of the estate and goes on to give a résumé of the provisions of the will. That pleading also states that upon the death of said Ulrich Aemisegger, to wit: upon the fifth day of November, 1905, the said real property above described and the whole thereof immediately vested in said son, John Matthew Aemisegger, in fee simple, as directed in said fifth paragraph of said last will and testament. It is further said that the son died January 20, 1921, leaving as his only heir at law the plaintiff herein, being at the time the owner in fee simple of the property and that the plaintiff being

the only heir of the son, became the owner in fee simple of the land, subject to her life estate and the rights conferred upon the testator's mother.

The initial pleading of the plaintiff proceeds to criticise the will as containing vague words and expressions of doubtful import attempting to limit the fee-simple title conferred upon the son, and the like, concluding that all the matters contained in paragraph 6 of the will are null, void and of no effect. Among other things, it is said that the only high school in Clackamas County nearest to the property was located at Park Place, Oregon, and that since the death of the testator, that school has ceased to exist. It also declares that the Damascus Cemetery Association was never organized, nor was it ever a legal corporate body, and that no compliance with the statutes of Oregon respecting corporations have ever been performed by the Association.

1. The defendant Myrtle Jane Haley, filed a general demurrer to the complaint. No service of summons upon or appearance on the part of the Damascus Cemetery Association has been called to our attention. The Circuit Court sustained the demurrer of the defendant Haley, and as the plaintiff refused to plead further, a decree was entered dismissing the suit, and the plaintiff has appealed:

"Any person claiming an interest or estate in real estate not in the actual possession of another may maintain a suit in equity against another who claims an interest or estate therein adverse to him, for the purpose of determining such conflicting or adverse claims, interests, or estates." Or. L., § 516.

Nowhere in the complaint does the plaintiff allege that the land is not in the possession of another, neither does it aver that at the commencement of the suit, the plaintiff had or claimed to

have any interest or estate in the property. For all that appears on the face of the complaint, the land may have been sold to satisfy the debts of the testator. We might infer that at the death of the testator, the estates described in the will were cast upon the devisees, but there is nothing in the complaint to show that this state of the title continued to the commencement of the suit. In that respect the complaint is defective and subject to the general demurrer: *Hardy* v. *California Trojan Powder Co.*, 109 Or. 76 (219 Pac. 197). It would have been easy for the plaintiff to say in her complaint in direct terms that she is now and ever since January 21, 1921 (the date of her son's death) has been the owner in fee simple of the land. However, instead of so doing, she has undertaken to give a history of the title but continues it no further than to the death of her son. The complaint is principally composed of conclusions of law which do not effect anything for the pleader.

2. The manifest intention and purpose of the testator was to control the devolution and disposition of his estate conditionally beyond his son. Affected as the will is, only by the lives of persons then living, namely, the widow, the son, the niece and the mother, as respects the land, it is good as an executory devise and must be given effect accordingly. Under the terms of the instrument it is of no consequence whether the son's death occurred during the lifetime of his father or afterwards. The subject is discussed in *Bilyeu* v. *Crouch*, 96 Or. 66 (189 Pac. 222), and in *Imbrie* v. *Hartrampf*, 100 Or. 589 (198 Pac. 521).

3. We are not at present concerned about the performance of the conditions of the will in the part requiring the sale of the property, and the distribu-

tion of the proceeds. That is a matter for the County Court which has exclusive jurisdiction over all matters of probate and the settlement of estates. The high school in question, and the Damascus Cemetery Association are not before us as parties. Hence all those questions suggested by the complaint are *coram non judice* and require no attention. The complaint is deficient in failing to allege directly a present estate in the plaintiff or to state that the land is not in the possession of another. Besides that, the death of the son without issue during the lifetime of his mother, the plaintiff, did not operate to vest any interest in her beyond the life estate she already had.

The decree of the Circuit Court is affirmed.

AFFIRMED.

McBRIDE, C. J., and RAND and COSHOW, JJ., concur.